IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00002-CV

 

Jose Luis Lopez,

                                                                                    Appellant

 v.

 

Amy Elizabeth Lopez,

                                                                                    Appellee

 

 

 



From the 19th District
Court

McLennan County, Texas

Trial Court No. 2005-2429-1

 



O R D E R










 

The Court’s “Order on Opinion,” issued on
November 5, 2008, is withdrawn, and this order is substituted therefor.

The Court’s Opinion and judgment dated August
13, 2008, are withdrawn, and the Opinion and judgment dated November 5, 2008,
are substituted therefor.  Appellee’s motion for rehearing is denied.

 

PER CURIAM

 

 

 

Before Chief
Justice Gray,

            Justice
Vance, and

            Judge
Glen Harrison[1]

(Chief Justice Gray would request a
response to the motion for rehearing with a view to granting it.  He would not
rewrite the opinion to address the motion for rehearing (or the dissenting
opinion) without requesting a response.  He does not withdraw his dissenting
opinion issued on August 13, 2008, so another dissenting opinion will not
issue.  He notes, however, that the Court is in error in assuming the trial
court had to impliedly make any findings.  Jose had to prove conversion.  He
failed to convince the trial court.  In his review of the trial court’s
judgment he cannot conclude that the trial court erred.  It is improper to
substitute the Court’s judgment on a review of a cold record for the trial
court’s judgment with the trial court’s ability to evaluate the credibility and
demeanor of the live witnesses.  Because Jose had the burden of proof and, even
according to the Court, failed to prove the legal relationship under which Amy
was in possession of the receipt or the proceeds thereof, the trial court did
not err when it rendered a take nothing judgment against Jose.  Additionally
there is some question of whether a party that lost on a theory tried by implied
consent can appeal that loss.  The theory of trial-by-implied-consent is a
judgment saving theory.)

“Order
on Opinion” dated November 5, 2002 withdrawn; motion for rehearing denied

Order issued and
filed November 19, 2008

Do not publish









[1] Judge of the 32nd District Court of
Fisher, Mitchell, and Nolan Counties, sitting by assignment of the Chief
Justice of the Texas Supreme Court pursuant to section 74.003(h) of the
Government Code.  See Tex. Gov’t
Code Ann. § 74.003(h) (Vernon 2005).








s', serif">            (B) made it clear to the appellant that the attorney has concluded there are no issues
which might arguably support an appeal and the attorney is communicating that to
the appellate court;
 
            (C) fully informed the appellant of his or her right to review the record; and
 
            (D) fully informed the appellant of his or her right to file a pro se brief or other
response.
 
      4.   After the Anders brief has been filed and the attorney has met the obligations described
in “A”, “B”, “C”, and “D”, the appellant has thirty days to file a pro se brief or other
response, or to file a motion for extension of time in which to do so.
 
      5.   If the appellant files a pro se brief or other response, the State then has a right to file a
brief or other appropriate response, or a written waiver thereof. On receipt of the State’s
response or waiver, we will independently review the record for any issues which might
arguably support an appeal.
 
      6.   If we find any issues which might arguably support an appeal, we will proceed as
required.
 
      7.   If we agree there are no issues which might arguably support an appeal, we will affirm
the judgment.
 
      8.   If the appellant’s attorney wishes to withdraw at any time, the attorney must present a
motion to the trial court which appointed the attorney. A copy of any order of
withdrawal must be filed by the attorney with us.

      On June 28, 2001, this court received a handwritten letter from Powell asking for an extension
of time in which to file a pro se brief. He said: “I will be requesting my clerk’s records and court
reporter’s records. This will take time.” The request was granted.
      On July 27, 2001, this court received a handwritten letter from Powell in which he stated he
wanted to represent himself on appeal as “I understand that the court appointed attorney did not
wish to do his job. He said the judge was within his rights. If my court appointed attorney had
gotten all the transcripts and did his job. I would not need to be righting you at this time.” 
(Transcripts of eleven hearings which occurred from September 1997 to November 1999 are in
the appellate record.) He further says: “It will take a lot longer to get all of my transcripts from
1993 through Oct. 8 1998. I have been to the law library, and have discovered that I cannot do
this myself.” But at the end of the letter, he says: “If my appeal cannot be overturned by anything
that has been said here, and me returned home to my family to finish my probation that would
have been done Dec. 7-2003. There’s no more I can do. I am not a lawyer and I have no money
for one. If my letter is improper I am sorry I don’t know what else to do. It is in the Heavenly
father’s and your hand’s.” We interpret this letter to mean Powell does not intend to file a pro
se brief or any additional response.
      We have reviewed the record in this case, and we find that our requirements listed above have
been met. The Anders brief shows that Powell’s attorney professionally and systematically
examined the entire record for issues which might arguably support an appeal, and concluded there
were none. The attorney filed letters with this court that he sent Powell; they show compliance
with “3" above. Powell waived in writing his right to file a pro se brief or other response. The
State did not file a brief, waiver, or any other written response, nor was that necessary in as much
as Powell did not file a pro se brief or other response. Our independent review of the record did
not reveal any issues which might arguably support an appeal. Therefore, we affirm the judgment. 
Appellate counsel must inform Powell of the results of this appeal and of his right to file a petition
for discretionary review. Sowels, 45 S.W.3d at 694.


                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed September 12, 2001
Do not publish
CR25